**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN M. CASTRO, | 1:09-cv-00110-TAG HC |
| Petitioner, | **ORDER OF TRANSFER** |
| vs. | |
| UNKNOWN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254. Under normal circumstances, the question of proper venue would be easy to establish, and orders of transfer are concise and perfunctory. However, the circumstances of the instant case are far from normal, and thus this Order of Transfer cannot be perfunctory. Accordingly, before addressing venue, the Court must first discuss the convoluted history of Petitioner in this Court.

**PROCEDURAL HISTORY**

A. Case No. 07-00603-LKK-EBP.

On March 29, 2007, Petitioner filed case no. 07-603-LKK-EPB ("07-603") in the Sacramento Division of the Eastern District of California.[1] The petition was written entirely in Spanish, and was

---

[1] This chronology, as it relates to documents filed in cases in this District, is gleaned from reviewing this Court's electronic case management system. References to specific document numbers will be omitted because of the confusion entailed by referencing multiple cases on this Court's case management system.

1

partially translated by the Clerk's staff as a rambling missive that discussed prison life but otherwise made little legal sense.  Nevertheless, the Clerk of the Court filed the document and opened case no. 07-603 as a civil rights case pursuant to 42 U.S.C. § 1983.

On April 30, 2007, Petitioner filed, in English, an amended petition for writ of habeas corpus in case no. 07-603, raising various grounds for relief that directly challenged his December 10, 1999 conviction in the San Diego County Superior Court for robbery, burglary, and "special circumstances murder" that resulted in a sentence of life without the possibility of parole.  On May 15, 2007, Petitioner was sent an order requiring him to either pay the filing fee or submit an application to proceed in forma pauperis.  On June 8, 2007, Petitioner filed such an application to proceed in forma pauperis.

On June 8, 2007, Petitioner filed two documents–one entitled "Amended Complaint" and the other styled as "Amended Petition for Writ of Habeas Corpus."  The Amended Complaint, filed on a form complaint for this Court, names "David Huebner," apparently Petitioner's former attorney, as defendant.  However, the claim Petitioner makes against Defendant Huebner is wholly unintelligible.  The Amended Petition for Writ of Habeas Corpus, on the other hand, again challenges Petitioner's December 10, 1999 conviction.  However, as with the Amended Complaint, the claims raised, although written in English and containing sporadic references to legal citations, are unintelligible by even the broadest and most lenient construction.

On July 5, 2007, the Court ordered Petitioner to submit a proper in forma pauperis application within thirty days or risk having his case dismissed.  On July 19, 2007, Petitioner complied by filing an application along with a copy of his prisoner trust fund account statement.  Nevertheless, on August 29, 2007, the Court issued Findings and Recommendations to dismiss the case because of Petitioner's failure to comply with the Court's order regarding his in forma pauperis application.  In the Findings and Recommendations, the Court noted that neither of Petitioner's applications contained a certificate section filled out by authorized prison personnel and were unaccompanied by certified statements regarding Petitioner's inmate trust account for the six-month period immediately preceding the filing of the action.  On October 19, 2007, the District Judge

2

adopted the Findings and Recommendations and entered judgment dismissing the case.

On March 31, 2008, some six months after the case was closed, Petitioner submitted an Amended Complaint and another Amended Petition For Writ of Habeas Corpus. The Amended Complaint, again on a form complaint provided by the Court, makes a claim against Defendants "M. Yarborough, Mr. Lawyer J. Sallivas," that is unintelligible. The Amended Petition for Writ of Habeas Corpus again challenges Petitioner's 1999 conviction in the San Diego County Superior Court for murder, claiming constitutional violations for the trial court's refusal of defense instructions and what apparently Petitioner believes were defects in the prosecution's forensic evidence at trial. Petitioner also filed an application to proceed in forma pauperis. On April 8, 2008, the Court issued an order denying the application for in forma pauperis status, indicating that such application was untimely since the case had been closed and Petitioner had not presented good cause for the late application.

B. Case No. 09-00110-TAG.

The chronology of the instant case is no less convoluted than its predecessor. From the documents attached to the petition, it appears that Petitioner initially attempted to file the instant petition, captioned with the previous case no. 07-603-LKK-EBP, in this Court on September 10, 2008. (Doc. 1). The face sheet of the petition, which is a standard form petition for a state prisoner proceeding under 28 U.S.C. § 2254, contains a stamp from the Clerk of this Court indicating "Filed" as of that date. However, attached to the petition is a form information sheet from the Clerk of the Court apparently sent to Petitioner on September 10, 2008, informing Petitioner as follows: "Your case had been closed since 10/19/07. You cannot file in the closed case. See attached Order dated 4/8/08." The Notice is dated September 10, 2008.

As with his previous petitions, the instant petition appears to attack his conviction in the San Diego County Superior Court and his sentence of life without parole. The claims in the petition are no more intelligible than Petitioner's previous filings, however. Ground One and Two are comprised of various legal citations, including a citation to Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057 (1970), a citation that appears in various of Petitioner's earlier petitions filed in case no.

3

1  07-603.  <u>Allen</u> is a habeas case dealing with the authority of a trial judge to remove a prisoner during
2  his trial for unruly or disruptive conduct.  Ground Three, apparently a continuation of the discussion
3  contained in Grounds One and Two, refers to <u>Taylor v. U.S.</u>, 414 U.S. 17, 94 S.Ct. 194 (1973),
4  which addresses the circumstances under which a defendant may absent himself from his own trial.
5  Ground Four appears to be a separate argument that, although unintelligible as well, refers to the
6  argument made by defense counsel regarding the "special circumstances" found in Petitioner's trial.
7  (Doc. 1, pp. 4-5).

8  Notwithstanding the foregoing, and the stamp indicating "Filed," it does not appear that the
9  case was opened in this Court and that, indeed, the petition was returned to Petitioner along with the
10 Clerk's Notice and attached orders, advising Petitioner he could not file the petition under case no.
11 07-603.

12 Subsequently, Petitioner appears to have filed the identical petition, including attachments, in
13 the United States District Court for the Northern District of California on October 7, 2008, as
14 evidenced by the Northern District's date stamp indicating "Filed."  Thereafter, on January 7, 2009,
15 the Northern District transferred the case to this Court in an order that indicates that although
16 Petitioner "challenges his state conviction for robbery and felony murder, among other crimes, which
17 resulted in a sentence of 25 years-to-life without the possibility of parole," the case should
18 nevertheless be transferred to this Court because "the petition is directed to the manner in which a
19 sentence is being executed," and, in such cases, the proper forum is the jurisdiction in which the
20 petitioner is confined.  (Doc. 5, p. 2).  It is clear that Petitioner is presently confined within the
21 jurisdiction of this Court.

**DISCUSSION**

23 The federal venue statute requires that a civil action, other than one based on diversity
24 jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants
25 reside in the same state, (2) a judicial district in which a substantial part of the events or omissions
26 giving rise to the claim occurred, or a substantial part of the property that is the subject of the action
27 is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

4

which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, it appears that the Northern District may have understandably been confused by the cryptic and virtually opaque procedural history of this case and its predecessor, no. 07-603. However, the Court can find nothing in the instant petition that suggests, even remotely, that Petitioner is now challenging the manner in which his sentence is being executed. Indeed, considering that Petitioner is serving a sentence that precludes parole, it seems unlikely that any of the traditional bases for challenging the execution of a state sentence, e.g., disciplinary hearings, improper calculation of credits, etc., would be sufficient to support habeas jurisdiction in any venue.

Moreover, despite the fact that Petitioner's claims, as listed in the form petition, are, at best, inartful, and, at worst, wholly unintelligible, they do appear, for the reasons set forth above, to focus on aspects of Petitioner's trial in the Superior Court for the County of San Diego, which is within the jurisdiction of the Southern District of California. For example, in a legal brief attached to the instant petition (Doc. 1, Exhs. 2 & 3), Petitioner contends, with somewhat greater coherence, that he was deprived of his Sixth and Fourteenth Amendment rights when the trial court refused to instruct the jury on "accident" as a defense to the special circumstances, that the trial court erred by refusing to give a meaningful response to the jury's question about an accidental or unintentional shooting, that the trial court erred by refusing to allow defense counsel to argue accident as a defense, and that his right to a unanimous verdict was precluded by instructing the jury with CALJIC No. 17.41.1. (Id.). Obviously, all of these claims challenge Petitioner's 1999 conviction in San Diego County.[2] None of the legal arguments in the exhibits evidence a challenge to the manner in which Petitioner's sentence is being executed.

Thus, while the Court is hesitant to once again transfer this oft-transferred case, the proper venue for a challenge to Petitioner's conviction appears to lie in the district in which Petitioner was originally convicted. In the interest of justice, a federal court may transfer a case filed in the wrong

---

[2] It also bears mentioning that the exhibits attached to the instant petition name a Deputy Attorney General in the San Diego branch of the Attorney General's office as the attorney for Respondent. (Doc. 1, Exh. 2, p. 1). This further supports the Court's conclusion that Petitioner is attempting to overturn his conviction in San Diego County.

5

district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:  **January 26, 2009**　　　　　　　　　　　　　/s/ **Theresa A. Goldner**
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

6